UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AN ORDER PURSUANT TO
18 U.S.C. § 3512

)
)
)
)
)

MISC. NO. ____

)
Request from Austria for Assistance in a
Criminal Matter:  Richard Drake

)
)
)

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Christine L. Olson, Trial Attorney, Office of International

Affairs (or a substitute or successor subsequently designated by the Office of International

Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is

necessary to execute a request for assistance in a criminal matter from Austria.  In support of this

application, the United States asserts:

### RELEVANT FACTS

1.       On June 6, 2017, the Austrian Federal Ministry of Justice submitted a request for

assistance (hereinafter, the "Request") to the United States, pursuant to the Treaty Between the

Government of the United States of America and the Government of the Republic of Austria on

Mutual Legal Assistance in Criminal Matters, U.S.-Austria, Feb. 23, 1995, S. TREATY DOC.

NO. 104-21 (1995), as supplemented by the Protocol to the Treaty Between the Government of

the United States of America and the Government of the Republic of Austria on Mutual Legal

Assistance in Criminal Matters signed 23 February 1995, Austria-U.S., July 20, 2005, S.

TREATY DOC. NO. 109-13 (hereinafter, the Treaty).   As stated in the Request, the Public

Prosecutor's Office in Innsbruck is investigating a fraud offense, which occurred in or about

December 2016, in violation of the criminal law of Austria, namely, Sections 15, 146, and 147 of

the Austrian Criminal Code.  A copy of the applicable law is included as Attachment A to this

application.  Under the Treaty, the United States is obligated to render assistance in response to

the Request.

2.      According to authorities in Austria, on December 21, 2016, a staff member

(hereinafter, the Victim) of the Austrian Skiing Association (hereinafter, OSV) received an email

purporting to be from the president of OSV.  The email address from which the email message

was sent was similar to the actual email address of the president of OSV.  The email asked the

Victim to prepare a bank transfer (the email did not specify the amount) and to provide OSV's

account balance.

3.      On December 22, 2016, the Victim received a second email, also purporting to be

from OSV's president.  The email asked the Victim to transfer $38,750 to account number

XXXXXX1931 at Space Coast Credit Union in Florida.  The Victim believed the emails to be

fraudulent because they were in English and she normally communicated with OSV's president

in German.  The Victim did not make the requested transfer.  OSV lodged a complaint with

Austrian authorities.

4.      To further the investigation, authorities in Austria have asked U.S. authorities to

provide records pertaining to bank account number XXXXXX1931 at Space Coast Credit Union

in Florida.

## LEGAL BACKGROUND

### The Treaty

5.      A treaty constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions

of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it."  United States v.

Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.      The United States and Austria entered into the Treaty to "improve the

effectiveness of . . . law enforcement authorities of both countries[.]"  Treaty pmbl.  The Treaty

obligates each party, upon request, to provide assistance to the other in criminal investigations,

prosecutions, and related proceedings, including assistance in serving documents, obtaining

testimony, statements, and records, and executing searches and seizures.  Article 1.  In addition,

the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to

further the execution of such requests.  Article 5(3) ("The courts . . . shall have . . . authority to

issue such orders to execute requests under th[e] Treaty. . . .").[1]

### 18 U.S.C. § 3512

7.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

---

[1] Austrian authorities have not asked U.S. authorities to keep the Request confidential.  Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.

orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and

provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *               *               *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *               *               *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.       Congress enacted this section to make it "easier for the United States to respond

to [foreign] requests by allowing them to be centralized and by putting the process for handling

them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen.

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

9.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R.  0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

REQUEST FOR ORDER

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Austrian Ministry of Justice, the designated Central Authority in Austria for requests made pursuant to the Treaty, and seeks assistance in the investigation of fraud - a criminal offense in Austria. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., bank records, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

12.     Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal

investigations or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e.,

grand jury and criminal trial subpoenas) are issued without notice to any person other than the

recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in

execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should

require no notice other than to the recipients.  This is true even if the Requesting State, as here,

seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq.,

including its notice provisions, does not apply to the execution of foreign requests for legal

assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493

U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp.

204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil

de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this

Court should authorize a commissioner to collect the evidence requested without notice to any

person other than the recipient(s) of the commissioner subpoena(s).

      13.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Christine L.

Olson, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner and authorizing the

undersigned to take the actions necessary, including the issuance of commissioner subpoenas, to

obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

TRACEY S. LANKLER
ASSOCIATE DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
District of Columbia Bar 449276
(202) 305-9645

By:  _____

Christine L. Olson
Trial Attorney
N.Y. Registration Number 4750873
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 305-9003 telephone
Christine.Olson@usdoj.gov